IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2348-LTB

**EDWARD D. ROBBINS**, No. 0023420,

    Plaintiff,

v.

**COLORADO DEPARTMENT OF HUMAN SERVICES**;
**RON HART**, Superintendent; and
**ANDERSON**, DPS Captain,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff Edward D. Robbins is incarcerated at the Park County Detention Facility in Fairplay, Colorado.  Plaintiff initiated this action by filing *pro se* a Prisoner Complaint.  He has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 in this action (ECF No. 4).  In his Complaint, he is complaining about the conditions of confinement at the Colorado Mental Health Institute at Pueblo, Colorado (CMHIP).

### A.  Mandatory Screening and Standards of Review

In 1996, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs.  Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  *See Creamer v. Kelly*, 599 F. App'x 336 (10th Cir. 2015) ("Under §§ 1915(e)(2)(B)(i) and (ii), a court must screen

a complaint filed IFP and dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted.") (internal quotation and citation omitted).

In addition, 28 U.S.C. § 1915A, entitled "Screening," requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Further, the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e requires the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 4). Moreover, Defendants are employees of a governmental entity. In addition, he is complaining about the conditions of his confinement. Thus, his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be

had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]"  *Bell Atlantic Corp.*, 550 U.S. at 555.  When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citation omitted).

The court's function in reviewing a complaint for failure to state a claim is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 680.  Second, the Court considers the factual allegations to determine if they plausibly suggest an entitlement to relief.  *Id*. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' "  *Id.* at 678.

A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  *See also  Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that

a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read to state a valid claim on which the plaintiff could prevail, a court should not dismiss it "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate.  *See id.*  *Sua sponte* dismissal is proper when it is patently obvious that the plaintiff can not prevail on the facts alleged and it would be futile to allow the plaintiff to amend. *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

## B.  Plaintiff's Allegations

Plaintiff claims that he was confined at the CMHIP for approximately one month from August 14, 2015 until September 15, 2015.  He claims he was referred to the Colorado Department of Human Services (CDHS) for a competency evaluation for charges pending against him in Boulder County.  He is seeking injunctive and monetary relief for allegedly unsafe conditions of confinement at the CMHIP.  Specifically, he takes issue with the cell door policy and the law library facilities.

For the reasons stated below, the Complaint and the action will be dismissed pursuant to screening authority set forth above.  The pertinent grounds which will result in the dismissal are addressed below.  An appropriate order follows.

## C.  Liability under 42 U.S.C. § 1983

Plaintiff  seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983.  To state

4

a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986).  In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed.  *Graham v. Connor*, 490 U.S. 386, 393–394 (1989) (internal quotations and citations omitted).  The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right.  *Id.*

1.    Excessive Noise - Conditions of Confinement

Plaintiff's claim concerns the conditions of his confinement while he was confined at the CMHIP for approximately one month.  Specifically, he takes issue with the "cell door policy" concerning welfare checks.  He alleges that these checks occur every fifteen minutes during the night until 7:30 A.M.  He complains that for thrity-two (32) days he was disturbed by the repeated opening and closing of his cell door.  He admits that the policy is a safety measure implemented to prevent inmates from inflicting self-harm upon themselves and further claims that this is a legitimate governmental interest (ECF No. 1, p. 5).

Claims concerning prison conditions filed by pretrial detainees are evaluated under the Due Process Clauses of the Fifth and Fourteenth Amendments, which prohibit defendants from undertaking acts that amount to punishment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  In order to determine whether the challenged conditions of pre-trial confinement amount to punishment:

> [a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of the detention

facility officials, that determination generally will turn on whether [it has] an alternative purpose ... and whether it appears excessive in relation to [that] purpose.... Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court may permissibly infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees.

*Id*. at 538–39 (citations, brackets and internal quotations omitted).

Thus, in order to determine whether Plaintiff has stated a Due Process claim upon which relief may be granted, the Court must answer two questions. First, it must ask whether an expressed intent to punish on the part of detention facility officials exists. *Bell*, 441 U.S. at 538. If so, liability may attach. If not, a plaintiff may still prove unconstitutional punishment by showing that the restriction in question bears no reasonable relationship to any legitimate governmental objective. *Id*. at 539. If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment. *Id*. The government has legitimate interests that stem from its need to manage the facility in which the individual is detained. These legitimate operational concerns may require administrative measures that go beyond those that are necessary to ensure that the detainee shows up at trial. Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial. *Id.* at 540.

Here, Plaintiff admits that the cell door policy is a legitimate governmental interest. Moreover, it clearly is related to the institution's interest in ensuring the safety of its inmates, the majority of whom are under observation or care for mental health concerns. Moreover, Plaintiff fails to allege that he suffered any injury with respect to the cell door policy. Subjecting a prisoner

to a few hours of periodic loud noises that merely annoy, rather than injure, the prisoner does not demonstrate a disregard for the prisoner's welfare. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994). Thus, Plaintiff's allegations do not state a violation of the Due Process Clause with respect to the cell door policy and this claim will be dismissed.

2.     Inadequate Law Library

Plaintiff further complains that the law library at the CMHIP is inadequate because inmates must request certain resources by specific citation. He complains that on September 7, 2015, one of his requests for statutes and case law was delayed approximately four days and that, when it arrived, it was incomplete. These allegations may be construed as purporting to state that he was denied access to court in violation of the First Amendment. A prisoner's constitutional right of "access to court" first was discussed in *Bounds v. Smith*, 430 U.S. 817 (1977). The issue in Bounds was whether States must protect the right of access to the courts by providing inmates with law libraries or alternative sources of legal knowledge. *Id.* at 817. The Court determined that the States did have such an obligation and held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828.

Almost twenty years later in *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court effectively repudiated much of its prior holding in *Bounds*. In *Casey*, the Supreme Court held that *Bounds* did not recognize an independent right of prisoners to have an adequate law library or legal assistance; instead, it concerned the established right of access to the courts. *Casey*, 518 U.S. at 351. Thus, the *Casey* Court held that, in order to successfully challenge a denial of this right of access to the courts, it is not enough for an inmate to establish that the law library or legal assistance

provided was inadequate; rather, he must establish that such inadequacies caused him actual harm.

Most recently, in *Christopher v. Harbury*, 536 U.S. 403 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts.  Specifically, the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint:  1) a non-frivolous, underlying claim: 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit.  *Christopher*, 536 U.S. at 415.  The Court explained that the first requirement mandated that the plaintiff specifically state in the complaint the underlying claim in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently. Id. at 417.  In this regard, the statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that the "the 'arguable' nature of the underlying claim is more than hope." *Id*.  The second requirement requires a Plaintiff to clearly allege in the Complaint the official acts that frustrated the underlying litigation.  Third, a Plaintiff must specifically identify a remedy that may be awarded as recompense in a denial-of-access case that would not be available in any other future litigation. *Id*. at 414.

Here, Plaintiff has failed to identify any legal action he was unable to pursue as a result of the alleged inadequacies of the law library.  Nor has he alleged a remedy that may be awarded as recompense but that is not otherwise available in a future suit.  Thus, this claim fails to state a claim upon which relief may be granted and will be dismissed. The Court, therefore, will dismiss this action for the reasons stated above.[1]

---

[1] In dismissing Mr. Robbins' suit under 28 U.S.C. § 1915(e)(2)(B), the Court notes that this dismissal counts as Mr. Robbins' third strike under § 1915(g). *See Robbins v. Cty. of*

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.  See Coppedge v. United States, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

**ORDERED** that the Prisoner Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); and/or 42 U.S.C. § 1997e(c)(1).  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this ___9th___ day of ___December___, 2015.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

---

*Boulder*, 592 F. App'x 710, 712 (10th Cir.  2014) ("We affirm the district court's dismissal of Mr. Robbins's amended complaint under 28 U.S.C. § 1915A(b)(1), which constitutes one strike against Mr. Robbins under § 1915(g). . . .  Because this appeal is also frivolous, we impose a second strike under 1915(g)."), *cert. denied sub nom.*, 135 S. Ct. 2383 (2015).