IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2348-LTB

**EDWARD D. ROBBINS**, No. 0023420,

    Plaintiff,

v.

**COLORADO DEPARTMENT OF HUMAN SERVICES**;
**RON HART**, Superintendent; and
**ANDERSON**, DPS Captain,

    Defendants.

**ORDER DENYING MOTION TO RECONSIDER**

Plaintiff Edward D. Robbins has filed *pro se*, a Rule 59(e) Motion to Alter or Amend Judgement, ECF No. 9, in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on December 9, 2015. The Court dismissed the instant action with prejudice because Plaintiff failed to state a claim upon which relief could be granted. The Court must construe the request liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the Motion to Reconsider filed pursuant to Rule 59(e) will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days

after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Plaintiff's request as a Motion to Reconsider filed pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Robbins filed a civil rights action complaining about the conditions of his confinement while he was confined at the CMHIP for approximately one month.  Specifically, he takes issue with the "cell door policy" concerning welfare checks.  He alleges that these checks occur every fifteen minutes during the night until 7:30 A.M.  He complains that for thirty-two (32) days he was disturbed by the repeated opening and closing of his cell door.  He admits that the policy is a safety measure implemented to prevent inmates from inflicting self-harm upon themselves and further claims that this is a legitimate governmental interest.  The Court dismissed his claim because the actions complained of did not rise to the level of a constitutional violation under the Fourteenth Amendment because subjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure, does not demonstrate a disregard for the prisoner's welfare.  *See Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994).

Plaintiff further complained that the law library at the CMHIP is inadequate because inmates must request certain resources by specific citation. He complained that on September 7, 2015, one of his requests for statutes and case law was delayed approximately four days and that, when it arrived, it was incomplete. The Court dismissed this claim as well because it failed to demonstrate a violation of his First Amendment rights.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Robbins fails to demonstrate any reason why the Court should reconsider and vacate the order dismissing this action.

In dismissing Plaintiff's action, this Court relied on Supreme Court precedent as it is required to do. Moreover, the Order of Dismissal does not preclude Plaintiff from filing an appeal. He simply must either pay the filing fee or file a motion to proceed *in forma pauperis* in the Court of Appeals for the Tenth Circuit.

Finally, the Court notes that Plaintiff did not file any grievances concerning his claims while he was a patient at the CMHIP. Instead, he waited until October 31, 2015 to attempt to exhaust his available administrative remedies with respect to his claims (ECF No. 9, p. 13). On November 12, 2015, he received a response which informed him that only current patients were allowed to use the CMHIP grievance process (ECF No. 9, p. 19). Accordingly, he was not entitled to seek relief in federal court until he had exhausted his administrative remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to

proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

**ORDERED** that the "Rule 59(e) Motion to Alter or Amend Judgement" (ECF No. 9) is **DENIED**.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

DATED at Denver, Colorado, this  11th  day of January, 2016.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court